UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BLACKHAWK PAVING, INC. | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:20-CV-48-SDJ |
| | § | |
| CPCM, LLC, ET AL. | § | |

**MEMORANDUM ADOPTING IN PART THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 26, 2021, the Report of the Magistrate Judge, (Dkt. #37), was entered containing proposed findings of fact and recommendation that Plaintiff Blackhawk Paving, Inc.'s ("Blackhawk") First Amended Motion for Default Judgment, (Dkt. #19), be granted in part and denied in part.

The Magistrate Judge recommended as follows: (1) deny Blackhawk's First Amended Motion for Default Judgment as to Defendant Thomas Pritzkau; (2) grant Blackhawk's First Amended Motion for Default Judgment against Defendant CPCM, LLC ("CPCM") in so far as it determines CPCM is liable to Blackhawk for breach of contract, fraud, and negligent misrepresentation; (3) defer entering judgment as to the fraud and negligent-misrepresentation claims while such claims remain pending against other defendants; (4) award Blackhawk a partial default judgment as to its breach of contract claim against CPCM in the amount of $174,951.80, plus $8,928.50

in attorneys' fees, and $518.60 in costs; and (5) deny all other requested relief at this time without prejudice.

Having assessed the Report and the record in this case, and no objections to the Report having been timely filed, the Court determines that the Magistrate Judge's Report should be adopted in part.

Specifically, the Magistrate Judge's Report is adopted except to the extent it recommends the Court determine that CPCM is liable to Blackhawk on Blackhawk's fraud and negligent-misrepresentation claims. It appears that liability on these claims is likely barred by the economic loss rule under Texas law. As described in Blackhawk's Original Complaint, its fraud and negligent-misrepresentation claims are premised entirely on CPCM's failure to meet its contractual promise and obligation to make complete payment to Blackhawk for the work performed under the parties' agreement. *See* (Dkt. #1).

In this diversity case the Court must apply Texas's economic loss rule. Texas enforces a robust economic loss rule to prevent parties from using artful pleading to recast contract claims as tort claims. *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008) ("The Texas Supreme Court has unequivocally adopted a broad interpretation of the economic loss rule."). The rule is straightforward: "there is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract between the parties." *LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 243 (Tex. 2014)

(citation omitted). As the Fifth Circuit has explained, Texas law is clear that tort claims are "generally bar[red] . . . when no factual basis for the tort claim would exist had the defendant complied with the contract." *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 726 (5th Cir. 2015). Likewise, "it has long been the rule in Texas that mere nonfeasance [non-performance] under a contract creates liability only for breach of contract." *Crawford v. Ace Sign Co.*, 917 S.W.2d 12, 13 (Tex. 1996) (per curiam). Texas law is not clear as to whether the economic loss rule can be waived. *Compare Dixie Carpet Installations, Inc. v. Residences at Riverdale, LP*, 599 S.W.3d 618, 633 (Tex. App.—Dallas 2020, no pet.) (holding that the economic loss rule is not an affirmative defense), *with Equistar Chems., L.P. v. Dresser–Rand Co.*, 240 S.W.3d 864, 868 (Tex. 2007) (concluding that a party waived error as to the application of the economic loss rule because it did not object to jury questions that failed to distinguish between damages for torts and damages for breach of implied warranty). Because Blackhawk's fraud and negligent-misrepresentation claims against CPCM appear to merely recast its breach-of-contract claim as a tort, and it is unclear whether Texas law contemplates that the application of the economic loss rule may be waived, the Court concludes that these alleged tort claims are likely barred by the economic loss rule. The requested liability determination is therefore denied.

It is therefore **ORDERED** that Blackhawk's First Amended Motion for Default Judgment, (Dkt. #19), is **GRANTED in part** and **DENIED in part**, as follows. Blackhawk's First Amended Motion for Default Judgment as to Defendant Thomas

Pritzkau is **DENIED**. Blackhawk's First Amended Motion for Default Judgment against Defendant CPCM, LLC, in so far as it requests a determination that Defendant CPCM, LLC is liable to Blackhawk for fraud and negligent misrepresentation, is also **DENIED**. Blackhawk's First Amended Motion for Default Judgment against Defendant CPCM, LLC, in so far as it requests a determination that Defendant CPCM, LLC is liable to Blackhawk for breach of contract, is **GRANTED**.

Blackhawk is awarded a partial default judgment as to its breach of contract claim against Defendant CPCM, LLC in the amount of $174,951.80, plus $8,928.50 in attorneys' fees, and $518.60 in costs. All other requested relief in Blackhawk's First Amended Motion for Default Judgment is **DENIED** at this time without prejudice. Blackhawk is directed to submit its requested form of partial default judgment against Defendant CPCM, LLC within fourteen (14) days of this Memorandum Adopting in Part for the Court's consideration and entry.

**So ORDERED and SIGNED this 26th day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE